UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LeBLANC,

    Plaintiff,                        Case No. 15-cv-12021
                                          Hon. Matthew F. Leitman

v.

CHERI ATWOOD,

    Defendant.
_____/

### ORDER (1) DENYING REQUEST TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND (2) DISMISSING COMPLAINT (ECF #1) WITHOUT PREJUDICE

On June 3, 2015, Plaintiff Jeffery LeBlanc ("Plaintiff") filed a *pro-se* civil-rights complaint against Defendant Cheri Atwood pursuant to 42 U.S.C. § 1983. (*See* the "Complaint," ECF #1.)  Plaintiff is an inmate confined at the Macomb Regional Correctional Facility in New Haven, Michigan.  Upon review of the Complaint and Plaintiff's history of litigation in the federal courts, the Court concludes that it must dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee...."  Plaintiff

has not paid the required filing fee. Instead, Plaintiff attaches an "affidavit" to the Complaint (the "Affidavit") in which he "declare[s] that [he is] unable to pay the cost of these proceedings" and that he has no income or assets. (ECF #1 at 4, Pg. ID 4.) Because Plaintiff has not submitted the necessary filing fee, the Court will construe the Affidavit as a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

A prisoner is not entitled to proceed *in forma pauperis* if (1) he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" and (2) he is not "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). This "three strikes" rule prevents Plaintiff from proceeding *in forma pauperis* here.

First, Plaintiff has more than used up his "three strikes." Indeed, federal courts have dismissed at least six prior civil-rights complaints Plaintiff has filed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. *See LeBlanc v. Moody,* No. 15-cv-10469 (E.D. Mich. Feb. 18, 2015) (Murphy, J.); *LeBlanc v. Schuette,* No. 15-cv-10555 (E.D. Mich. Feb. 17, 2015) (Friedman, J.); *LeBlanc v. Kalamazoo County Sheriff,* No. 14-cv-305 (W.D. Mich.

July 29, 2014)*; LeBlanc v. State of Michigan,* No. 14-cv-552 (W.D. Mich. June 19, 2014)*; LeBlanc v. Kalamazoo County Government*, 14-cv-308 (W.D. Mich. May 21, 2014); *LeBlanc v. State of Michigan*, No. 14-cv-237 (W.D. Mich. Mar. 26, 2014.) For this reason, earlier this year, the Court denied Plaintiff leave to proceed *in forma pauperis* and dismissed his complaint in a separate action he had filed. *See LeBlanc v. Romanowksi,* 15-cv-10483 (E.D. Mich. Mar. 2, 2015) (Leitman, J.). Nothing has changed since March.

Second, Plaintiff has not alleged in the Complaint any facts that would establish that he is in imminent danger of serious physical injury. Such an imminent danger must be contemporaneous with a complaint's filing. *See Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("[T]he threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed"). Although Plaintiff claims that he is wrongfully incarcerated, Plaintiff's challenges to the processes that lead to his criminal conviction "do not raise the danger of physical harm" so as to come within the imminent danger provision of §1915(g). *Childress v. Quisenberry,* 11-cv-2096, 2011 WL 5166433, *2 (E.D. Mich. Oct. 31, 2011). Plaintiff is therefore not entitled to proceed *in forma pauperis* and the Court will dismiss his Complaint pursuant to § 1915(g). *See, e.g., Mulazim v. Michigan Dept. of Corrections,* 28 Fed. App'x. 470, 472 (6th Cir. 2002) (affirming dismissal under

the "three strikes" rule).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **DENIED** and Plaintiff's Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 11, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 11, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113